Matter of de Menil (de Menil) (2021 NY Slip Op 03406)





Matter of de Menil (de Menil)


2021 NY Slip Op 03406


Decided on June 01, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 01, 2021

Before: Gische, J.P., Webber, Singh, Kennedy, JJ. 


Index No. 500297/19 Appeal No. 13965-13965A Case No. 2020-03958 

[*1]In the Matter of George de Menil, Petitioner-Respondent, For the Appointment of a Guardian of the Property of Adelaide de Menil, A Person Alleged to be Incapacitated, Respondent-Respondent. Christophe de Menil et al., Cross-Petitioners-Appellants.


Tendy Law Office LLC, New York (Jacqueline G. Veit of counsel), for appellants.
Wilkinson Stekloff LLP, New York (Jeremy Barber of counsel), for George de Menil, respondent.
Morvillo Abramowitz Grand Iason & Anello P.C., New York (Elkan Abramowitz of counsel), for Adelaide de Menil, respondent.



Orders, Supreme Court, New York County (Mary V. Rosado, J.), entered on or about June 24, 2020, which found that appellants lacked standing to participate as parties in these proceedings and granted petitioner's motion to disqualify appellants' counsel, Sheila Tendy, Esq., on the ground of the lawyer-as-witness rule, unanimously reversed, on the law, without costs, the finding that appellants lack standing vacated and petitioner's motion to disqualify Tendy denied.
While appellants did not commence this proceeding to appoint a guardian of the property of Adelaide de Menil, as "persons . . . concerned with the welfare of the person alleged to be incapacitated" (Mental Hygiene Law § 81.06[a][6]), who are, moreover, Adelaide de Menil's adult sister, niece, and grand-nephew, they are proper parties to the proceeding (Matter of Azzi [Trapani], 141 AD3d 1159, 1161 [4th Dept 2016]). The court cited no authority for its ruling that appellants lacked standing because their cross petition did not seek to appoint a guardian.
In granting petitioner's order to disqualify appellants' counsel (Tendy) on the ground of the lawyer-as-witness rule (Rules of Professional Conduct [22 NYCRR 1200.0] rule 3.7[a]), the court failed to consider whether Tendy was "likely to be a witness on a significant issue of fact" (id.). The court addressed neither the likelihood that Tendy would be called as a witness nor whether her testimony would be "necessary" (see Ullman-Schneider v Lacher & Lovell-Taylor PC, 110 AD3d 469, 470 [1st Dept 2013]).
We decline to dismiss this appeal on mootness grounds, as petitioner requests. He has not shown that he has communicated his revised position (that the orders should be reversed) to the motion court or that he has asked the motion court to withdraw the orders (or that the motion court would grant the request had he done so). Thus, if this appeal were dismissed, the orders would remain intact, prohibiting appellants from participating as parties and disqualifying their counsel. Instead, we reverse both orders
and note that petitioner agrees that they should be reversed.
We find that reassignment to another justice is warranted, and we grant that application.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 1, 2021